May it please the Court, I'm Robert Jobin. I'm appearing today on behalf of the petitioner, Jose Murillo. Although the Board of Immigration Appeals clearly misunderstood the issues raised by Mr. Murillo's appeal and went on to decide an issue, a wrong issue, under an incorrect standard of review, the government argues that Mr. Murillo's petition with this Court must be dismissed because all this case is about is the Board's discretionary balancing of the equities and the ultimate determination as to whether Mr. Murillo's deserving of a grant of adjustment of status. That position, quite frankly, is just nonsense. The provision upon which the government relies, IRA-IRA Section 309C4E, says simply, there shall be no appeal of any discretionary decision under Section 244 of the, or 245 of the Immigration and Nationality Act. But the Board doesn't have discretion to deny Mr. Murillo a fair proceeding. It doesn't have discretion to mischaracterize or miscomprehend the issues or to ignore binding precedent and employ a completely inapplicable standard of review. But that's precisely what it did in this case. I don't understand what happened here. It looks as though the BIA didn't even read the I.J. decision, because the I.J. said he was not deciding the 212 waiver issue, that he was deciding the 245 issue. It seems very strange, as though they were passing in the night. They have the same name, but two different cases. I mean, it seems to me, in our due process argument, we focused on the application of an incorrect standard of review, but there's much more than that. I mean, from this decision, it would appear that the Board had no understanding of what the issues are in this case, was completely unacquainted with the immigration judge's decision, completely unfamiliar with the record of proceedings, because the immigration service in the course of that proceeding conceded that this individual did not need a 212H waiver, and was unfamiliar with its own binding precedent. In a particular matter, Burbano, which requires that they employ a... But even the dissent, who said he should have the 212H waiver, didn't get it right. Well, what's the remedy, then? Yeah. Assuming we agree to that, you know, they reviewed, in essence, the wrong question, right? Yeah. The case needs to go back. I mean, I think... You can tell them you should review the question the I.J. actually decided? Yeah. Take another look and address the issue that's actually presented by the appeal in question. But I'm still somewhat troubled by, you know, this discretionary authority business. The Board has the discretionary authority to decide a certain issue, right? And that discretion can't be reviewed. Doesn't that mean it can't be reviewed? Obviously, even if the exercise of the discretion is based upon a wrong reason. No. I mean, I think the precedent of this Court is clear that if the Board violates the law and makes an incorrect legal determination, that is not the exercise of discretion. It has no discretion to violate the law. It has no discretion to violate the due process clause. And in this particular case, it's done both. Well, I suppose you could, I think you did argue this, say that this is not a discretionary decision within 309C because you're making a due process claim, which takes it out and that the proceedings were fundamentally unfair because the BIA did not review the decision that was presented to it for review. So how did your client have a full and fair hearing on the question? Yes, that's our position. And with regard to the application of an incorrect standard of review, I would submit that that's not a discretionary determination under Section 244. This is a different question, though. Yes. You're talking about what appears to be, you know, the Board saying, well, the IJ didn't abuse their discretion, though, to me, deferring to that?  In its decision, it's clear to me, at least, that the Board did not review the immigration judge's decision de novo, as it's required to do under its own precedent. It says twice, you know, the judge didn't abuse his discretion. So it seems to me that they were employing an abuse of discretion standard. And our position is that that's not a discretionary decision that they can make because they have no discretion, you know, individual panels have no discretion to ignore binding board law. And, moreover, the decision about what standard of review to apply is not a decision under Section 245, which IRA-IRA would require. The Board's jurisdiction. Well, your position almost comes down to that, you know, you can have judicial review of all procedural aspects of the proceedings before the BIA, right, almost, doesn't it? Well, certainly if it rises to the level of due process, a due process violation, yes. Do you think that applies to evidentiary issues? If there was a clear error of law, I would say yes. I believe that IRA-IRA 309c4e is limited to reviewing the ultimate balancing of the equities about whether somebody should be granted or denied discretionary relief. It doesn't bar this court from reviewing questions of pure law. It doesn't bar this court from reviewing questions of involving the due process clause. And this case is about both. It's about a violation of the law, a suggestion that this man needs a waiver of inadmissibility when he doesn't. And it's about the due process clause because the decision in this case evidences that the Board didn't even look at this record. It didn't understand the judge's decision. It didn't look at the administrative record. That is a due process violation. I'll reserve the balance of my time if there are no further questions. That's fine. Thank you. Good morning. My name is Patricia Buchanan with the Office of Immigration Litigation for Respondent. I want to start by addressing the misapprehension about the Board's decision in this case. Contrary to Petitioner's assertion, the Board did not apply an abuse of discretion standard in its review of its case. Although in some ways it looks like they did. Yes. You admit that much, don't you? Well, Judge, the next part of what I would say is that the mere fact that those words appear in the decision does not mean that that's the standard of review that was used. And specifically, I think that's true. Even though the Court says we conclude that the immigration judge did not abuse his discretion. That's right, Judge. And therefore, you know, we affirm it doesn't mean they're applying an abuse of discretion standard. That's right, Judge. And there's authority for that. I'd like to direct the Court's attention to the matter of Bourbon decision at page 874. And if I may, what the Board said in matter of Bourbon is, finally, we acknowledge that questions concerning our standard of review were invited by occasional decisions of the Board which conclude that the immigration judge, quote, did not as abuse his discretion. We agree that the use of this and similar language can be misleading. However, such language is attributable to inartful drafting rather to a limited review of the record on the part of the Board. We additionally point out that sometimes the only question raised on appeal to the Board is whether the immigration judge, quote, abused his discretion. In this situation, our conclusion on the issue might simply represent a response to the specific argument on appeal. Nonetheless, we recognize the desirability of avoiding such language. And we reiterate that the Board relies on its own independent judgment in deciding the ultimate disposition in a case when reviewing a discretionary determination by an immigration judge. But when we review this, how do we know that it was just sloppy language as opposed to a statement of the standard that was being applied? Because that's what the Board says its standard is, and they direct the Court that when that language appears, that's what it means. But moreover, the Court needs to take it in context. And in this case, the Petitioner's entire brief and appeal to the Board was characterized as one in which the immigration judge abused his discretion in denying a 212-H waiver. And in his appeal to the Board, he said on three different occasions that the issue presented to the Board was whether the immigration judge abused his discretion. That appears on page 20. So you're saying it was invited error for the BIA to review the 212-H even though it wasn't decided because of the way in which the appeal was presented? Well, I think the other part of this is that the Board of Immigration Appeals adopted the immigration judge's decision. And in that situation, that means that the determinations made by the immigration judge are in terms of the Board of Immigration Appeals. Where did it adopt? Where did it adopt the? I think if you see in the dissent, the dissent says contrary. Where did the majority that issued the holding adopt the immigration judge's decision? I mean, I don't think the dissent can adopt it. No, but what the dissent says is contrary to the majority, I would not adopt the decision of the immigration judge. Right. But where does the majority? I mean, the dissent could be off base. Where does the majority adopt the immigration judge's decision? Well, I would submit that the dissent is part of the opinion. And how could it adopt a decision that wasn't made? The immigration judge made the decision. The immigration judge did not make a 212-H decision, so how can the BIA adopt a 212-H decision that was not made? It made the the Board of Immigration Appeals adopted the determination by the immigration judge that a 212-H waiver was not required. But in this case, to the extent. Where did they do that? Show me where they say that. Well, when they adopt the immigration judge's decision, they adopt the determinations by the immigration judge. And why did they spend so much time, you know, in the limited discussion that it is in the BIA opinion, decision, right? Well, the 212-H waiver is only addressed in the introductory paragraph that characterizes the issue on appeal to the board. And, you know, to the extent that the Petitioner's entire brief to the board addresses his eligibility for a 212-H waiver, the introductory paragraph. Look at what the IJ decision says. Accordingly, although the respondent has filed an ancillary application for waiver of crimes under Section 212-H, the court need not address the application with respect to the drunk driving offenses. So he, the IJ doesn't even address it. And you're saying the BIA adopted it. I think you're asking us to read a lot into what the BIA did here. If I could then, Your Honor, actually the immigration judge's decision at page 39 and 40 finds specifically that a 212-H waiver is not required because he is not inadmissible. And his analysis is at page 37 to 40 of the administrative record. The immigration says, quote, The Petitioner is fully eligible for adjustment of status. Petitioner appears not to be inadmissible because of his drunk driving history. That's at page 40. Then he says, Although he may be eligible for the relief sought, the ultimate denial or grant of relief is a matter of discretion. It is here that the Respondent's case fails. That's at page 40 of the immigration judge's decision. Well, you know, the problem is it may be that the brief to the board focused on 212-H and led the board astray, but the board made the error. And, you know, responsible judges look at what the they what was before the mutt. They don't shouldn't get led astray by a brief. Well, the board doesn't It doesn't seem to be awfully arbitrary. Well, the Well, that case that you cited to us, is that cited in your brief, the one where you said the board doesn't mean what it says? It's cited extensively in Petitioner's brief. That's what he's relying on. He's relying on matter of Bourbono. And matter of Bourbono stands for the proposition that he, that the board does a de novo determination. And what date is that? 1994. That was after this Court's 1994. So in 8 years after they said we're careless about the way we do this, they're still doing it that way? Well, Your Honor, what I can say It's getting worse and worse, it seems to me. Well, Judge, but what they say is if those words appear, it doesn't imply that's the standard of review. But they say we'd better not to do it, not to be careless, not to be inexact. And then you come and say, well, we warned you 8 years ago, we are careless. It's not a very convincing argument. Well, Your Honor, that is what the language says. It says it may appear and it may be misleading, but that's not what we do. I would take it as a kind of retroactive look to the bad way they've done things and a resolution to do better. But I don't know that it's a, oh, well, at any time you want to pick up a board decision, we have to reinterpret it. Admittedly, Your Honor, it's And they're not actually reviewing the real decision made. It's very highly sustained. They didn't misread the immigration judge's decision. Well, they certainly didn't. They do it as a 212H problem. Well, that's in the introductory paragraph that explains what the issue is that's presented on appeal. If you look at Petitioner's appeal brief to the board, that's the sole issue he presents to the board, is that the immigration judge abused his discretion in denying a 212H waiver. And this is merely the introductory paragraph. But the board decision says that they find no error in the immigration judge's decision, which indicates that they did a de novo determination. Anything else? Well, I just would like to point out that the 212H issue is really just a red herring in this case. As I said, that is not the reason his application was denied.    The BIA didn't think so. Well, I would disagree, Your Honor. I think the 212H language in the decision. The BIA classified that as the only issue on appeal. Well, that's because that was the sole issue that the respondent below raised. All I'm saying is the BIA didn't think it was a red herring. That's all I said. You said it was a red herring. And all I said was the BIA didn't think so. Well, with all due respect, Your Honor, I think that that language is just the introduction for the issue at the frame. That's another way of saying when the Court says this is the only issue on appeal, the Court means this is a red herring. Is that what you're telling me? Well, it means that's the issue that the issue brought to the Court. That's an astounding representation to make. I want you to think about that on the plane going home, right, whether you really believe that or not. When the Court says this is the only issue on appeal, that it means this is a red herring.  Well, in this case, in the context of that, Your Honor. Don't argue with me. You just ask yourself, ponder that question on your way back to Washington. Thank you, Your Honor. As Your Honor points out, the Board started its decision by saying that the only issue on appeal here is Mr. Brewer. The government argues that in the second paragraph of the decision, the Board makes clear that it's really just reviewing the adjustment of status. There's nothing in the second paragraph that makes that clear. But interestingly, the Board says that the immigration judge denied the Respondent's requests, plural. Mr. Murillo had only one request, and that was his application for adjustment of status. The use of the word requests, the plural. Well, you know, in fairness, the factors that are discussed in the second and third paragraph of the Board's decision are factors that go into the calculation of the exercise of discretion under 245, right? Yeah. And they also go to the exercise of discretion for 212A. It should go into either. I agree with that, yeah. But the use of the plural in that second paragraph suggests to me that the Board was, again, saying that two applications were denied here, an adjustment of status and an application for a waiver under section 248. With regard to the brief that was submitted by Mr. Murillo's counsel, I mean, I have to say the brief was poor. This is a brief to the BIA. Yes. The BIA brief presented in this case was poorly drafted and articulates Mr. Murillo's case in a very poor fashion. But the government has never argued that the Board was misled by Mr. Chavez's brief. And to the contrary, the government has consistently argued in this case that the Board made no error, that the Board never suggested that Mr. Murillo was inadmissible and the Board never applied an incorrect standard of review. And that suggestion is patently inconsistent with the suggestion that there is some invited error. Unless there are any further questions, I submit. No. Thank you very much. We thank both counsels. In this case, it's submitted for decision.
judges: Noonan, Tashima, Wardlaw